# EXHIBIT 1

ZEICHNER ELLMAN & KRAUSE LLP
*Attorneys for Richard L. Stern,*
*the Chapter 7 Trustee for the Estate of*
*Continental Broker-Dealer Corp.*
575 Lexington Avenue
New York, NY 10022
Telephone (212) 223-0400
Telecopy (212) 753-0396
nschwed@zeklaw.com
Nathan Schwed, Esq. (NS-2683)

**Presentment Date:**
**May 24, 2007 at 9:00 a.m.**

**Objection Deadline:**
**May 21, 2007 at noon**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CONTINENTAL BROKER-DEALER CORP.,<br><br>        Debtor. | Case No.: 04-85318-jbr<br><br>Chapter 7 |
| RICHARD L. STERN, AS CHAPTER 7 TRUSTEE<br>OF CONTINENTAL BROKER-DEALER CORP.,<br>        Plaintiff,<br><br>    - against -<br><br>GREGORY HASHO,<br>        Defendant. | Adv. Pro. No.: 06-8376-jbr<br><br>**NOTICE OF PRESENTMENT**<br>**OF ORDER GRANTING**<br>**DEFAULT JUDGMENT** |

    PLEASE TAKE NOTICE that upon the annexed application (the "Application"), Richard L. Stern, the Chapter 7 trustee (the "Trustee") for the estate of Continental Broker-Dealer Corp. (the "Debtor"), by his attorneys, Zeichner Ellman & Krause LLP, will present the annexed proposed order (the "Proposed Order") for signature to the Honorable Joel B. Rosenthal, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), 290 Federal Plaza, Central Islip, New York, 11722, in chambers, on **May 24, 2007 at 9:00 a.m.**

PLEASE TAKE FURTHER NOTICE that, objections, if any, to the Proposed Order must be made in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, and must be served upon Zeichner Ellman & Krause LLP, 575 Lexington Avenue, New York, New York, 10022, Attn: Nathan Schwed, Esq., counsel to the Trustee, and must be filed with the Court so as to be <u>actually</u> <u>received</u> by no later than **May 21, 2007 at noon.**

PLEASE TAKE FURTHER NOTICE that, unless an objection has been timely filed and served there will not be a hearing and the Proposed Order may be signed and entered as an order of the Court. If a written objection is timely filed and served, a hearing will be held to consider the relief sought in the Application at the United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York, 11722, Courtroom 960, on **June 11, 2007 at 10:30 a.m.**

Dated:    New York, New York
          May 8, 2007

                    ZEICHNER ELLMAN & KRAUSE LLP
                    Attorneys for Richard L. Stern, Trustee

                    By:/s/ Nathan Schwed
                       Nathan Schwed (NS-2683)
                       575 Lexington Avenue
                       New York, New York 10022
                       (212) 223-0400

TO:    Gregory Hasho
       29 McCoy Lane
       Carlisle, PA 17015

502979.01/10252-001/NS

ZEICHNER ELLMAN & KRAUSE LLP
*Attorneys for Richard L. Stern,*
*the Chapter 7 Trustee for the Estate of*
*Continental Broker-Dealer Corp.*
575 Lexington Avenue
New York, NY 10022
Telephone (212) 223-0400
Telecopy (212) 753-0396
nschwed@zeklaw.com
Nathan Schwed, Esq. (NS-2683)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Case No.: 04-85318-jbr |
| CONTINENTAL BROKER-DEALER CORP., | Chapter 7 |
| Debtor. | |
| RICHARD L. STERN, AS CHAPTER 7 TRUSTEE OF CONTINENTAL BROKER-DEALER CORP., | |
| Plaintiff, | Adv. Pro. No.: 06-8376-jbr |
| - against - | **APPLICATION** |
| GREGORY HASHO, | |
| Defendant. | |

TO THE HONORABLE JOEL B. ROSENTHAL,
UNITED STATES BANKRUPTCY JUDGE:

Richard L. Stern, the Chapter 7 trustee (the "Trustee") for the estate of Continental Broker-Dealer Corp. (the "Debtor"), by his attorneys, Zeichner Ellman & Krause LLP, hereby submits this application (the "Application") and respectfully sets forth:

1. On August 19, 2004 (the "Filing Date"), creditors filed an involuntary Chapter 7 petition against the Debtor.

2. On September 14, 2004, the Court entered an order for relief, and Richard L. Stern was appointed Trustee, has duly qualified and is presently acting in said capacity.

3. This action was commenced to recover the aggregate sum of $5,100,000 transferred to defendant Gregory Hasho ("Hasho") by the Debtor. As detailed in the Complaint, the sums which were transferred to Hasho constituted fraudulent conveyances, and are subject to avoidance. A copy of the Complaint against Hasho is annexed hereto as Exhibit A.

4. By order dated May 18, 2006 (the "5/18 Order"), the court directed Hasho to provide the Trustee with an address for service of process. A copy of the 5/18 Order is annexed hereto as Exhibit B. Pursuant to the 5/18 Order, Hasho provided his parents' residence in Carlisle, PA as his address for service of process. The Complaint and the Notice of Deposition were served at that address.

5. Hasho, who is appearing in this action pro se, filed an Answer to the Complaint on December 7, 2006.

6. On December 29, 2006, applicant's counsel served Hasho with a Notice of Deposition requiring that he appear for a deposition at the offices of Zeichner Ellman & Krause LLP on January 18, 2007. A copy of the Notice of Deposition, along with the Affidavit of Service, is annexed hereto as Exhibit C.

7.    Hasho made no attempt to contact applicant's counsel in response to the Notice of Deposition to state that he was unavailable on the noticed day, or to reschedule the date of the deposition.

8.    Additionally, Hasho did not respond to an e-mail sent by the Trustee's counsel to remind him of the deposition, and to advise him that if he intended not to appear that he should call to reschedule the deposition. A copy of the referenced e-mail is annexed hereto as Exhibit D.[1]

9.    Hasho knowingly and willingly failed to appear for his deposition on the scheduled date. Accordingly, the Trustee filed an application (the "Initial Application") seeking an order granting the Trustee a default judgment against Hasho. By order dated February 27, 2007, the Court denied the motion without prejudice to the Trustee seeking appropriate relief under FRBP 7037. A copy of the February 27, 2007 order is annexed hereto as Exhibit E.

10.    Thereafter, at a pre-trial conference (the "Conference") held on March 5, 2007, Hasho appeared and advised the Court that he had been having difficulties with his family and his residence, but assured the Court that thereafter he would cooperate completely with respect to discovery, he would appear for deposition and would communicate with Trustee's counsel. The Court advised Hasho that it was his obligation to inform the Trustee of any change of address and that, if he did not do so, the Trustee would continue to rely on the address of service previously provided by

---

[1]    The email was sent to the email address of Hasho's brother, Robert Hasho. Hasho had previously used this email address to confirm an extension of his time to answer the Complaint.

Mr. Hasho (his parents' residence). In addition, the Court directed Hasho to communicate with the Trustee and appear for deposition, and warned Hasho that if he would not cooperate in discovery, the Court would consider granting the relief sought by the Trustee in the Initial Application.

11. Several weeks after the Conference, when it became clear that Hasho had no intention of communicating with Trustee's counsel, the Trustee's counsel sent a letter to Hasho rescheduling his deposition for April 26, 2007. A copy of the March 28, 2007 letter sent to Mr. Hasho is annexed hereto as Exhibit F. Hasho did not respond to the March 28, 2007 letter, did not appear for the deposition on April 26, 2007 and has made no attempt to communicate with Trustee's counsel at any time since the Conference.

12. In light of the Court's direction at the Conference that Hasho cooperate in discovery, appear for deposition and communicate with Trustee's counsel, and the Court's statement that if he failed to do so the Court would consider entering the relief sought in the Initial Application, the Trustee respectfully requests that, pursuant to F.R.C.P. Rule 37(b)(2)(C), the Court enter a judgment by default against Hasho. Alternatively, the Trustee requests that the Court grant such relief pursuant to F.R.C.P. Rule 37(d), which authorizes issuance of a judgment by default against a party that fails to appear at a deposition after having been served with proper notice.

13. The Trustee submits that Hasho has acted with contempt towards this Court and that the relief sought by the Trustee is appropriate.

4

14.    In the event the Court declines to issue a default judgment, the Trustee respectfully requests that, pursuant to Rule 37(b)(2) and Rule 37(d), the Court enter an order for sanctions against Hasho including requiring Hasho to pay the Trustee's reasonable expenses, including attorneys' fees, caused by Hasho's failure to appear at two scheduled depositions, as well as one or more of the other sanctions authorized by Rule 37(b)(2)(A), (B) or (C).

15.    Applicant respectfully requests that the Court waive the requirement for a memorandum of law as this motion presents no novel issues of law.

16.    No prior request for the relief sought herein has been made other than the Initial Application.

WHEREFORE, applicant respectfully requests that the Court enter an order awarding a default judgment in favor of the Trustee against defendant Gregory Hasho in the form annexed hereto as Exhibit G and issue a judgment in the form annexed hereto as Exhibit H, or, alternatively, issue an order (i) imposing appropriate sanctions against Hasho under F.R.C.P. Rule 37(b)(2)(A), (B) or (C), and (ii) compelling Hasho to appear for deposition at a time and place designated by the Trustee, and grant such other further and different relief as is just and proper.

Dated:    New York, New York
          May 8, 2007

                          ZEICHNER ELLMAN & KRAUSE LLP
                          Attorneys for Richard L. Stern, Trustee


                          By:/s/ Nathan Schwed _____
                             Nathan Schwed (NS-2683)
                             575 Lexington Avenue
                             New York, New York 10022
                             (212) 223-0400

# EXHIBIT A

ZEICHNER ELLMAN & KRAUSE LLP
*Attorneys for Richard L. Stern,*
*the Chapter 7 Trustee for the Estate of*
*Continental Broker-Dealer Corp.*
575 Lexington Avenue
New York, New York 10022
Telephone (212) 223-0400
Telecopy (212) 753-0396
nschwed@zeklaw.com
Nathan Schwed, Esq. (NS-2683)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CONTINENTAL BROKER-DEALER CORP.,<br><br>                        Debtor. | Case No.: 04-85318-511<br><br>Chapter 7 |
| RICHARD L. STERN, as Chapter 7 Trustee of<br>CONTINENTAL BROKER-DEALER CORP.,<br><br>                        Plaintiff,<br><br>              -against-<br><br>GREGORY HASHO,<br><br>                        Defendant. | Adv. Pro. No.:<br><br><br>**COMPLAINT** |

Richard L. Stern, the Chapter 7 trustee (the "Trustee") for the estate of Continental Broker-Dealer Corp. (the "Debtor"), by his attorneys, Zeichner Ellman & Krause, LLP, alleges, upon information and belief, as follows:

## PARTIES

1.      On August 19, 2004 (the "Filing Date"), creditors filed an involuntary Chapter 7 petition (the "Petition") against debtor Continental Broker-Dealer Corp. (the "Debtor"). On September 14, 2004, the Court entered an order for relief. Applicant was appointed Trustee, has duly qualified and is presently acting in said capacity.

2.      Defendant Gregory Hasho ("Hasho") is an individual with an address for service of process at 29 McCoy Lane, Carlisle, Pennsylvania 17013.

3.      Pursuant to 11 U.S.C. § 101(31)(B), Hasho is an "insider" of the Debtor.

## JURISDICTION AND VENUE

4.      This adversary proceeding is initiated pursuant to, inter alia, 11 U.S.C. § 544, and Bankruptcy Rule 7001, for the recovery of property conveyed by the Debtor to or for the benefit of the defendant.

5.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

6.      Each of the claims for relief in this adversary proceeding constitute "core" proceedings within the meaning of 28 U.S.C. § 57(b)(2).

7.      This Court is the proper venue pursuant to 28 U.S.C. § 1409(a).

2

## **FACTUAL ALLEGATIONS**

8.      Prior to the cessation of its business operations in 2004, the Debtor was a securities brokerage firm.

9.      During the early 1990s, Hasho was the 100% stockholder and principal officer of the Debtor.  In or about 1995, pursuant to an "offer of settlement," the NASD barred Hasho from any involvement in the management of the Debtor.

10.      Consequently, Hasho relinquished all of his supervisory and management responsibilities at the Debtor, including his positions as officer and director, and placed his stock into Gregory M. Hasho Voting Trust Agreement dated November 21, 1995 (the "Trust").

11.      Notwithstanding the forgoing, the Debtor transferred substantial sums of money to or for the benefit of Hasho on a continuous basis until 2004, including without limitation, paying for Hasho's personal expenses, and paying millions of dollars to Hasho as payment of interest on subordinated notes.

12.      During the period of September 15, 2000 through the Filing Date (the "Relevant Period"), the Debtor made payments to or for the benefit of Hasho in an aggregate amount in excess of $400,000. which was denominated as salary, benefits and other forms of compensation (the "Salary Transfers").

3

13.     During the Relevant Period, the Debtor made payments in an aggregate amount in excess of $1,200,000. to or for the benefit of Hasho to pay for Hasho's various personal expenses, including without limitation, payments for Hasho's Mercedes Benz, payments for one or more cellular telephones used by Hasho and/or members of his family, payments for cable and satellite television service for Hasho and other members of his family, payments for the monthly personal credit card statements of Hasho and/or members of his family, and payments for numerous miscellaneous other personal expenses incurred by or on behalf of Hasho (the "Expense Transfers").

14.     During the Relevant Period, the Debtor made payments to Hasho in an aggregate amount in excess of $2,500,000. with respect to subordinated notes held by Hasho (the "Note Transfers").

15.     During the last six (6) months prior to the cessation of the Debtor's business operations, Hasho, or others acting at his direction or on his behalf, removed property of the Debtor (including furniture, equipment, computers, servers, and telephone systems) having an aggregate value in excess of $500,000. from the Debtor's premises in Long Island, Manhattan and Florida (the "Property Transfers").

16.     During the last six (6) months prior to the cessation of the Debtor's business operations and several months thereafter, Hasho sold disks and/or other medium containing information regarding the Debtor's customers' accounts to several individuals and/or entities for which Hasho was paid an aggregate amount in excess of $500,000 (the "Account Transfers").

4

17.    The Debtor's customers' account information was property of the Debtor and the Account Transfers constituted transfers of property of the Debtor.

18.    During the Relevant Period, the Debtor was insolvent.

19.    The Debtor did not receive fair consideration in exchange for the Salary Transfers.

20.    The Debtor did not receive fair consideration in exchange for the Expense Transfers.

21.    The Debtor did not receive fair consideration in exchange for the Note Transfers.

22.    The Debtor did not receive fair consideration in exchange for the Property Transfers.

23.    The Debtor did not receive fair consideration in exchange for the Account Transfers.

24.    Collectively, all of the transfers referred to in paragraphs 19 through 23 are the "Transfers."

## FIRST CLAIM FOR RELIEF

25.    Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "24", inclusive, with the same force and effect as if fully set forth at length herein.

26.    To the extent that any of the Transfers were made in satisfaction of an antecedent debt, they were not made in good faith.

27.    On the Filing Date, there were actual existing creditors of the Debtor who could have avoided the Transfers, as fraudulent conveyances pursuant to § 273 of the New York Debtor and Creditor Law.

28.    By virtue of the foregoing, plaintiff is entitled to judgment, pursuant to 11 U.S.C. §§ 544 and 550(a)(1), avoiding and setting aside the Transfers and providing for the Trustee's recovery from Hasho of an undetermined amount believed to be in excess of $5,100,000., plus interest and costs.

## SECOND CLAIM FOR RELIEF

29.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbers "1" through "28", inclusive, with the same force and effect as if fully set forth at length herein.

30.    Each of the Transfers was made with actual intent to hinder, delay or defraud either present or future creditors of the Debtor.

31.    On the Filing Date, there were actual existing creditors of the Debtor who could have avoided each of the Transfers under New York Debtor and Creditor Law Section 276.

32.    By virtue of the foregoing, plaintiff is entitled to judgment, pursuant to 11 U.S.C. §§ 544 and 550(a)(1) and (2), avoiding and setting aside each of the Transfers and providing for the Trustee's recovery from Hasho of an undetermined amount believed to be in excess of $5,100,000., plus interest, costs and punitive damages.

### THIRD CLAIM FOR RELIEF

33.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbers "1" through "32", inclusive, with the same force and effect as if fully set forth at length herein.

34.    Each of the Transfers made within one year of the Filing Date enabled Hasho to receive more than he would have received if the Transfer had not been made, and he had received payment of his debt to the extent provided by Title 11 during this Chapter 7 case.

35.    By virtue of the foregoing, pursuant to 11 U.S.C. § 547(b) and § 550(a)(1) and (2), plaintiff is entitled to judgment avoiding and setting aside each of the Transfers made during the one year period prior to the Filing Date, and providing for the Trustee's recovery from Hasho in an undetermined amount believed to be in excess of $1,000,000., plus interest and costs.

## FOURTH CLAIM FOR RELIEF

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbers "1" through "35", inclusive, with the same force and effect as if fully set forth at length herein.

37.     Pursuant to New York Debtor and Creditor Law Section 276(a) and 11 U.S.C. §§ 544 and 550(a)(1) and (2), plaintiff is entitled to recover from Hasho attorneys' fees and expenses incurred in connection with this adversary proceeding.

WHEREFORE, plaintiff demands judgment against Hasho:

    (a)    on the first claim for relief, avoiding each of the Transfers, and providing for the recovery from Hasho in an amount as yet undetermined, but believed to be in excess of $5,100,000., plus interest and costs;

    (b)    on the second claim for relief, avoiding each of the Transfers, and providing for the recovery from Hasho in an undetermined amount believed to be in excess of $5,100,000., plus interest, costs and punitive damages;

    (c)    on the third claim for relief, avoiding each of the Transfers made during the one year period prior to the Filing Date and providing for the recovery from Hasho in an undetermined amount believed to be in excess of $1,000,000.;

(d)    on the fourth claim for relief, for reasonable attorneys' fees and expenses incurred in connection with this adversary proceeding; and

(e)    for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       September 13, 2006

Respectfully Submitted,

ZEICHNER ELLMAN & KRAUSE LLP

By: /s/ Nathan Schwed
    Nathan Schwed (NS-2683)
    575 Lexington Ave.
    New York, New York 10022
    (212) 223-0400

*Attorneys for Richard L. Stern,*
*the Chapter 7 Trustee for the Estate of*
*Continental Broker-Dealer Corp.*

488550.03/10252-001/NS

# EXHIBIT B

ZEICHNER ELLMAN & KRAUSE LLP
*Attorneys for Richard L. Stern,*
*the Chapter 7 Trustee for the Estate of*
*Continental Broker-Dealer Corp.*
575 Lexington Avenue
New York, NY 10022
Telephone (212) 223-0400
Telecopy (212) 753-0396
Nathan Schwed, Esq. (NS-2683)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Case No. 04-85318-511 |
| CONTINENTAL BROKER-DEALER CORP., | Chapter 7 |
| Debtor. | **ORDER** |

Upon the application (the "Application") of Richard L. Stern, Chapter 7 Trustee (the "Trustee") for Continental Broker-Dealer Corp. (the "Debtor"), by his attorneys, Zeichner Ellman & Krause LLP, and sufficient cause appearing therefore, it is

ORDERED, that the Trustee is hereby authorized, pursuant to Bankruptcy Rule 2004, to conduct the examination of Gregory Hasho ("Hasho") with respect to the acts, conduct, property, liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate; and it is further

ORDERED, that Hasho shall appear for an examination to be conducted by the Trustee's counsel commencing on a date and time selected by the Trustee's counsel in their sole discretion, so long as it is a business day which is not a legal holiday during the

regular workweek (such date to be set forth in a letter to be delivered to Hasho by hand or

overnight mail), and continuing from business day to business day thereafter or otherwise

in the sole discretion of the Trustee's counsel until the examination is fully concluded, at

the Law Offices of Zeichner Ellman & Krause LLP, 575 Lexington Avenue, New York,

New York 10022 ("ZEK"); provided that:

> a.        No subpoena will be required to be served on Hasho to compel his
> production-of-documents-or examination conducted hereunder, nor shall
> witness and travel fees be paid or be payable to him; instead, service of the
> Order by personal delivery or overnight mail upon Hasho shall be good and
> sufficient service to compel Hasho's production-of-documents-referred-to
> herein-and-his-appearance at examinations conducted hereunder; and

> b.        An affidavit of such service shall be filed with the Court as soon as
> practicable following the completion of such service;

and it is further

> **ORDERED**, that at least five (5) days before the scheduled examination,

Hasho shall make available for inspection and photocopying by the Trustee and/or his counsel,

at the offices of ZEK at or before 10:00 a.m. on that day, any and all documents in Hasho's

possession or subject to his control that constitute, reflect or relate to any property, liabilities,

financial condition, acts or conduct of the Debtor during the period of January 1, 2000 to the

present date; and it is further

> **ORDERED**, that within seven (7) days after his receipt of this order, Hasho

shall deliver to ZEK, Attention: Nathan Schwed, Esq., a written statement setting forth an

address for service of process, which address shall continue to be valid for service of process

2

by the Trustee upon Hasho unless and until Hasho delivers to ZEK written notice of a change

of address for service of process.


Dated: ~~New York~~, Central Islip, New York
      May 18, 2006


                          */s/ Melanie L. Cyganowski*
                          HONORABLE MELANIE L. CYGANOWSKI
                          Chief United States Bankruptcy Judge


483999.01/10252-001/NS

**EXHIBIT C**

10252.001

1/3/07

ZEICHNER ELLMAN & KRAUSE LLP
*Attorneys for Richard L. Stern,*
*the Chapter 7 Trustee for the Estate of*
*Continental Broker-Dealer Corp.*
575 Lexington Avenue
New York, New York 10022
Telephone (212) 223-0400
Telecopy (212) 753-0396
Nathan Schwed, Esq. (NS-2683)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re <br><br> CONTINENTAL BROKER-DEALER CORP., <br><br>                      Debtor. | Case No.: 04-85318-511 <br><br> Chapter 7 |
| RICHARD L. STERN, as Chapter 7 Trustee of <br> CONTINENTAL BROKER-DEALER CORP., <br><br>                      Plaintiff, <br><br>      -against- <br><br> GREGORY HASHO, <br><br>                      Defendant, | Adv. Pro. No.: 06-8376-511 <br><br> **NOTICE TO TAKE <br> DEPOSITION UPON <br> ORAL EXAMINATION** |

PLEASE TAKE NOTICE that, pursuant to Bankruptcy Rule 7030 and Rule 30 of the Federal Rules of Civil Procedure, plaintiff, Richard Stern, Chapter 7 Trustee of the estate of Continental Broker-Dealer Corp. ("Trustee"), by his attorneys, Zeichner Ellman & Krause, will take the testimony, upon oral examination, of Gregory Hasho at 11:00 a.m. on January 18, 2007, before a qualified Notary Public or other officer authorized by law to administer an oath, concerning the above-captioned

adversary proceeding. The examination shall be stenographically recorded, at the offices of Zeichner Ellman & Krause LLP, 575 Lexington Avenue, New York, New York. The examination shall continue from day to day until complete, Saturdays and Sundays excluded.

Dated: New York, New York
      December 29, 2006

                            ZEICHNER ELLMAN & KRAUSE LLP
                            Attorneys for Richard L. Stern,
                            the Chapter 7 Trustee for the Estate of
                            Continental Broker-Dealer Corp.

By: _____
                            Nathan Schwed (NS-2683)
                            Bruce S. Goodman (BG-8953)
                            575 Lexington Avenue
                            New York, New York 10022
                            (212) 223-0400

TO:    Gregory Hasho
        29 McCoy Lane
        Carlisle, Pennsylvania 17013

495522.01/10252-001/BG

2

STATE OF NEW YORK,
COUNTY OF NEW YORK.

AFFIDAVIT OF SERVICE
BY FIRST CLASS MAIL

John D. Delaney, being duly sworn, deposes and says: that I am over the age of eighteen years, am not a party herein, and reside in Jersey City, New Jersey and that on the 29th day of December, 2006, I served a true copy of the within **NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION ENTERED ON DECEMBER 29, 2006** upon the attorney or attorney's parties hereinafter named at the place hereinafter stated by depositing the same, properly enclosed in post-paid, properly addressed wrapper, into the exclusive care and custody of a depository maintained and controlled by the U.S. Post Office for delivery by first class mail to said attorney or attorney's parties at his last known address given below:

Gregory Hasho
29 McCoy Lane
Carlisle, Pennsylvania 17013

John D. Delaney

Sworn to before me this
27 day of December, 2006

NOTARY PUBLIC

MICHAEL W. ANTONIVICH
Notary Public, State of New York
No. 01AN4762190
Qualified in Nassau County
Commission Expires June 30, 20 10

495653.01/10252-001/MWA

**EXHIBIT D**

**Bruce Goodman**

| | |
|---|---|
| From: | Nathan Schwed |
| Sent: | Tuesday, January 16, 2007 8:04 PM |
| To: | 'rhasho@hotmail.com' |
| Cc: | Bruce Goodman |
| Subject: | Greg Hasho |

Robert,

Greg is scheduled to appear for a deposition in my office on Thursday morning, pursuant to a notice of deposition we served upon him several weeks ago.

I am writing to remind him that he is required to appear in my office this Thursday @ 10AM.

If he does not intend to appear and wants to reschedule, he must call me.

Otherwise, if he does not appear, we will note his default and seek a judgment by default against him for the full amount sought in the Trustee's complaint against him.

Please convey this message to him promptly.

Thank you.

Nathan Schwed, Esq.
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, New York 10022
Tel. (212) 826-5317
Fax (212) 753-0396
website: www.zeklaw.com

*******************************************************************************
This is a confidential message intended solely for the named recipient(s). Unauthorized use is prohibited.
If you have received this communication in error, please delete it and notify us by e-mail. Thank you.
*******************************************************************************

1

# EXHIBIT E

ZEICHNER ELLMAN & KRAUSE LLP
*Attorneys for Richard L. Stern,*
*the Chapter 7 Trustee for the Estate of*
*Continental Broker-Dealer Corp.*
575 Lexington Avenue
New York, NY 10022
Telephone (212) 223-0400
Telecopy (212) 753-0396
nschwed@zeklaw.com
Nathan Schwed, Esq. (NS-2683)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Case No.: 04-85318-511 |
| CONTINENTAL BROKER-DEALER CORP., | Chapter 7 |
| Debtor. | |
| RICHARD L. STERN, AS CHAPTER 7 TRUSTEE OF CONTINENTAL BROKER-DEALER CORP., | |
| Plaintiff, | Adv. Pro. No.: 06-8376-511 |
| - against - | **ORDER** ~~**GRANTING**~~ ***DENYING*** **DEFAULT JUDGMENT AGAINST GREGORY HASHO** |
| GREGORY HASHO, | |
| Defendants. | |

Upon the application of Richard L. Stern, the Chapter 7 Trustee (the "Trustee") for the estate of Continental Broker-Dealer Corp. (the "Debtor"), seeking an order granting a default judgment against defendant Gregory Hasho ("Hasho"), and sufficient cause appearing therefore, it is

ORDERED, that, *as the pro se Defendant has filed an answer,* the Trustee's motion is ~~granted~~ *denied, without prejudice to the Trustee seeking appropriate relief under FRBP 7037, on notice to the Defendant;* and it is further

ORDERED, *that the Clerk shall serve a copy of this Order upon the parties.*

~~that a judgment by default shall be issued against Hasho in favor of the Trustee in the principal amount of $5,100,000.~~

Dated:    Central Islip, New York
February 27, 2007

/s/ Melanie L. Cyganowski
MELANIE L. CYGANOWSKI
Chief United States Bankruptcy Judge

# EXHIBIT F

# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

NATHAN SCHWED
(212) 826-5317
nschwed@zeklaw.com

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

March 28, 2007

Gregory M. Hasho
29 McCoy Lane
Carlisle, Pennsylvania 17015

### Re:  Continental Broker-Dealer Corp.; Case No.: 04-85318-511
### Stern v. Gregory Hasho

Dear Mr. Hasho:

During the conference on March 5, 2007, you informed the Court that you were in the process of relocating and that you would be in communication with me. I have heard nothing from you. I received no information regarding any new address. Accordingly, pursuant to prior Order of the Court, I will continue communicating with you at your parents' address.

This is to inform you that your examination in connection with the Trustee's pending action against you is being rescheduled to April 26, 2007 at 11:00 a.m. at my office. If for some reason you are unable to attend at that time and would like to schedule it for a different date, you must contact me no later than April 12, 2007 with alternative proposed dates.

Very truly yours,

Nathan Schwed

NS/pa

500555.01/10252-001/NS

# EXHIBIT G

ZEICHNER ELLMAN & KRAUSE LLP
*Attorneys for Richard L. Stern,*
*the Chapter 7 Trustee for the Estate of*
*Continental Broker-Dealer Corp.*
575 Lexington Avenue
New York, NY 10022
Telephone (212) 223-0400
Telecopy (212) 753-0396
nschwed@zeklaw.com
Nathan Schwed, Esq. (NS-2683)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CONTINENTAL BROKER-DEALER CORP.,<br><br>        Debtor. | Case No.: 04-85318-jbr<br><br>Chapter 7 |
| RICHARD L. STERN, AS CHAPTER 7 TRUSTEE<br>OF CONTINENTAL BROKER-DEALER CORP.,<br><br>        Plaintiff,<br><br>   - against -<br><br>GREGORY HASHO,<br><br>        Defendants. | Adv. Pro. No.: 06-8376-jbr<br><br>**ORDER GRANTING<br>DEFAULT JUDGMENT<br>AGAINST<br><u>GREGORY HASHO</u>** |

Upon the application of Richard L. Stern, the Chapter 7 Trustee (the "Trustee") for the estate of Continental Broker-Dealer Corp. (the "Debtor"), seeking an order granting a default judgment against defendant Gregory Hasho ("Hasho"), and sufficient cause appearing therefore, it is

**ORDERED,** that the Trustee's motion is granted; and it is further

**ORDERED**, that a judgment by default shall be issued against Hasho in favor of the Trustee in the principal amount of $5,100,000.

Dated:    Central Islip, New York
           May ___, 2007


                                    _____
                                    JOEL B. ROSENTHAL
                                    United States Bankruptcy Judge

# EXHIBIT H

ZEICHNER ELLMAN & KRAUSE LLP
*Attorneys for Richard L. Stern,*
*the Chapter 7 Trustee for the Estate of*
*Continental Broker-Dealer Corp.*
575 Lexington Avenue
New York, NY 10022
Telephone (212) 223-0400
Telecopy (212) 753-0396
nschwed@zeklaw.com
Nathan Schwed, Esq. (NS-2683)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Case No.: 04-85318-jbr |
| CONTINENTAL BROKER-DEALER CORP., | Chapter 7 |
| Debtor. | |
| RICHARD L. STERN, AS CHAPTER 7 TRUSTEE OF CONTINENTAL BROKER-DEALER CORP., | |
| Plaintiff, | Adv. Pro. No.: 06-8376-jbr |
| - against - | **JUDGMENT** |
| GREGORY HASHO, | |
| Defendant. | |

Upon the Court's Order dated May ___, 2007 awarding a default judgment

against defendant Gregory Hasho, it is hereby

**ADJUDGED AND DECREED**, that Richard L. Stern, the Chapter 7

Trustee for the estate of Continental Broker-Dealer Corp., recover from defendant Gregory

Hasho the amount of $5,100,000.

Dated:    Central Islip, New York
          May ___, 2007


_____

JOEL B. ROSENTHAL
United States Bankruptcy Judge